UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 17-cv-02131-RCL |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is defendants' motions to dismiss. ECF Nos. 17 and 25. Upon consideration of the pleadings and the applicable law, the Court **GRANTS** in part—as to Counts 1, 2, and 5—and declines to exercise jurisdiction over the remaining claims—Counts 3 and 4. For the reasons listed below, the Court **DISMISSES** Counts 1, 2 and 5, and **REMANDS** the remainder of the case to the Superior Court of the District of Columbia.

### I. BACKGROUND

On February 23, 2016, the plaintiff Keith Anderson, pleaded guilty to a kidnapping charge and entered into a sentencing agreement, which would reduce the charge to a misdemeanor if certain conditions were met. ECF No. 13, Second Am. Compl. ¶ 26. Approximately one month later, Mr. Anderson was arrested and charged with burglary. *Id.* ¶ 27. On March 24, 2016, the Superior Court of the District of Columbia ordered plaintiff to undergo a full competency evaluation. *Id.* ¶ 33. And on April 21, 2016, the court found Mr. Anderson incompetent and committed him to St. Elizabeths Hospital to participate in inpatient competency restoration. *Id.* ¶

1

35. Mr. Anderson remained at St. Elizabeths Hospital from April 2016 to October 2016. *Id.* ¶ 51. He pleads that he was not provided medication from April 2016 to July 18, 2016. *Id.* ¶ 43.

Mr. Anderson filed the present suit on September 14, 2017 in Superior Court of the District of Columbia. Defendant District of Columbia removed the case on October 16, 2017 to this Court. Mr. Anderson twice amended his complaint. In the second amended complaint, he alleges (1) that under 42 U.S.C. § 1983 all the defendants violated his Eighth Amendment "right to timely and adequate medical treatment" (Count 1); (2) under 42 U.S.C. 1983 that all the defendants violated his Fifth Amendment to receive "essential care" (Count 2); (3) that all defendants were negligent in not providing him proper care (Count 3); (4) that defendant District of Columbia was negligent in not providing proper training and supervision to the doctors and medical professionals at St. Elizabeths Hospital (Count 4); and (5) that under 42 U.S.C. 1983 defendant District of Columbia violated his Fifth and Eighth Amendment rights by failing to properly train and supervise medical personnel at St. Elizabeths (Count 5).

## II.  LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Rule 12(b)(6), "the court must assume 'all the allegations in the complaint are true (even if doubtful in fact),' and the court must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged.'" *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal citations omitted).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the factual allegations in the complaint need not be "detailed," the Federal Rules require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

### A. Constitutional Claims Under 42 U.S.C. 1983—Counts 1, 2, and 5

Mr. Anderson alleges that under 42 U.S.C. 1983 the defendants failed to properly medicate him in violation of his Fifth and Eighth Amendment rights (Counts 1 and 2). Mr. Anderson further alleges that under 42 U.S.C. 1983 defendant District of Columbia violated his Fifth and Eighth Amendment rights by failing to properly train and supervise medical personnel at St. Elizabeths (Count 5).

#### *1. Defendants' Motion to Dismiss Counts 1 and 2*

Defendants District of Columbia (the District), Mayor Muriel Bowser, Director of the District of Columbia Department of Behavioral Health Director Tanya Royster, and Chief Executive Officer of Saint Elizabeths Hospital Mark J. Chastang, in their official capacities (Official Capacity Defendants), moved to dismiss Counts 1 and 2. ECF No. 17.[1] Defendant

---

[1] The constitutional claims as against the Official Capacity Defendants are dismissed as duplicative of the claims against the District of Columbia. The D.C. Circuit has recognized that "[a] section 1983 suit for damages against municipal officials in their official capacities is ... equivalent to a suit against the municipality itself." *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

The District of Columbia and the Official Capacity Defendants also moved to dismiss the negligence claims. The Court will address those claims later in the Memorandum Opinion.

3

Benjamin Adewale—a psychiatrist at St. Elizabeths—separately moved to dismiss those counts. ECF No. 25.[2]

"In considering whether a plaintiff has stated a claim for municipal liability [under Section 1983], the district court must conduct a two-step inquiry. First, the court must determine whether the complaint states a claim for a predicate constitutional violation. Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (internal citations omitted). The D.C. Circuit clarified in *Baker* that "all that is being established at [the first step of the inquiry] is that there is some constitutional harm suffered by the plaintiff, not whether the municipality is liable for that harm." *Id.*

Mr. Anderson has failed to state a claim for a predicate constitutional violation. In order to establish a Fifth or Eighth Amendment violation for failure to provide adequate medical treatment, the plaintiff must prove that: (1) his medical need is serious; and (2) that defendant officials acted with a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Young v. District of Columbia*, 107 F.Supp.3d 69, 77 (D.D.C. 2015) ("[Courts] generally analyze Fifth Amendment claims brought by pretrial detainees under the same standards governing Eighth Amendment claims brought by prison inmates.") (internal quotations and citations omitted). A complaint that alleges negligence in diagnosing or treating the plaintiff does not suffice to state a constitutional claim for inadequate medical treatment. *Estelle*, 429 U.S. at 106. Rather, the plaintiff must establish that "officials had subjective knowledge of the serious

---

[2] He also moved to dismiss the negligence claim brought against him. The Court will address the claim later in this Memorandum Opinion.

medical need and recklessly disregarded the excessive risk to [his] health or safety from that risk." *Baker*, 326 F.3d at 1306.

Here, the plaintiff fails to allege sufficient facts to demonstrate that any of the defendants acted with deliberate indifference to his medical needs. Nothing in the second amended complaint indicates that Dr. Adewale, or any official at St. Elizabeths, knew of a serious medical need for the medication and recklessly failed to provide the plaintiff with the medication despite knowing that risk. The second amended complaint indicates that Dr. Adewale stated that he did not prescribe psychotropic medications because he believed Mr. Anderson "would not respond to psychotropic medications." ECF No. 13, ¶ 47. Without additional facts indicating otherwise, Dr. Adewale's perspective on the best treatment plan does not rise to deliberate indifference. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

The plaintiff submits that defendants "were well aware that depriving Mr. Anderson would lead to the serious harm to Mr. Anderson." ECF No. 21 at 6. However, the plaintiff points to no facts in the second amended complaint supporting that conclusory statement. Paragraph 59, which the plaintiff cites in his opposition brief, merely provides that defendants were aware that the plaintiff suffered mental illness and had previously been prescribed medications treating his illness. Those facts do not establish that defendants therefore knew that failing to provide the medication would lead to serious harm. As noted above, Dr. Adewale stated that he made the affirmative decision to not prescribe medication because he believed it would not be effective. His decision was based on a belief that a treatment plan without medication was optimal. In other

words, he did not believe that his decision would lead to serious harm. Whether Dr. Adewale made the right medical decision is beyond the scope of the constitutional claims. *Estelle*, 429 U.S. at 106. Since defendants have failed to allege facts indicating subjective knowledge that failing to prescribe medication would lead to serious harm, the Court finds that the plaintiff has not stated a claim for a violation of his Fifth and Eighth Amendment rights.

Moreover, the Court agrees with the defendants that the Eighth Amendment is inapplicable to this case. The Eighth Amendment does not apply until after "a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Eighth Amendment "protections do not attach until after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989). Here, the plaintiff was detained at St. Elizabeths for competency restoration while awaiting sentencing on a 2015 charge and prior to trial on a 2016 charge. The plaintiff argues that the Eighth Amendment is applicable because "he plead guilty to criminal charges and entered into a sentencing agreement prior to his admission to Saint Elizabeths." ECF No. 21 at 7. That argument is of no moment. Mr. Anderson never completed the conditions of his sentencing agreement and when he was admitted to St. Elizabeths he had still not been formally sentenced on the 2015 charge. ECF No. 13, ¶¶ 27, 33. Accordingly, Eighth Amendment protections had not yet attached.

*2. Defendant District of Columbia's Motion to Dismiss Count 5*

The District of Columbia moves to dismiss Count 5, in which the plaintiff alleges that District of Columbia violated his Fifth and Eighth Amendment rights by failing to properly train and supervise medical personnel at St. Elizabeths. To state a failure to train or supervise claim a "municipality's failure to train [or supervise] its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into

contact.'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). Only at that point can "such a shortcoming be properly thought of as a 'policy or custom' that is actionable under § 1983." *Id.* (internal citation omitted). District policy makers are deemed deliberately indifferent when they are on "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights" and they "choose to retain that program." *Id.* A municipality can be liable for failure to supervise where it was "deliberately indifferent to an obvious need for greater supervision." *Kenley v. District of Columbia*, 83 F.Supp.3d 20, 34 (D.D.C. 2015); *see also Colbert v. District of Columbia*, 5 F.Supp.3d 44, 60 (D.D.C. 2013).

Mr. Anderson falls short in meeting this standard. The second amended complaint contains no facts indicating an omission in the District's training plan, let alone District personnel actually or constructively knowing about an omission and failing to take action. Mr. Anderson argues that he was deprived of medication on a continuing basis and that therefore supervisors at St. Elizabeths should have been aware. However, that alone is insufficient to support a claim for failure to train or supervise. The mere fact that a doctor made a medical decision to not prescribe medication does not suggest that the District of Columbia officials had actual or constructive notice that constitutional rights would be violated.

Even if Mr. Anderson established a policy or custom, he has failed to show that the policy or custom caused his injury. *City of Canton*, 489 U.S. at 388–89. "A municipality can be liable under § 1983 only where its policies are the moving force [behind] the constitutional violation." *Id.* at 389. Plaintiff suggests that the lack of a procedure to report Dr. Adewale's decision to not medicate "constitutes a fact demonstrating that a District custom or policy was a substantial factor leading to his alleged injury." ECF No. 21 at 9. But that argument is without merit. Mr. Anderson

7

presents no facts indicating that employees at the hospital, or others aware of the situation, were unable to report on what was going on. The lack of a formal procedure cannot be considered a "substantial factor" in bringing about the harm. *Parker v. District of Columbia*, 850 F.2d 708, 714 (D.C. Cir. 1988). Thus, the plaintiff has not alleged facts to support a claim that a District of Columbia policy or custom caused the alleged constitutional violation and injury.[3]

### B. Negligence Claims—Counts 3 and 4

Mr. Anderson asserts a negligence claim against all defendants (Count 3) and a negligent training and supervision claim against the District of Columbia (Count 4). Diversity of citizenship does not exist between the plaintiff and the defendants—the second amended complaint indicates that all parties are citizens of the District of Columbia. The parties' presence in federal court, therefore, rests on supplemental jurisdiction, which permits a federal court to extend its jurisdiction to claims properly appended to a claim falling within its original jurisdiction. *See* 28 U.S.C. § 1367(a). In the present case, the claims falling within this Court's original jurisdiction were the Section 1983 claims discussed above. Those claims have now been dismissed. Thus, with the explicit permission of Congress, this Court declines to hear the remaining state law claims. *See* 28 U.S.C. § 1367(c).

By statute, this Court "may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction." *Id.* "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-

---

[3] The Court notes that this provides another independent reason to dismiss Counts 1 and 2 as to defendant District of Columbia. *See supra*, pg.3-4 (setting out the standing for municipal liability under Section 1983, including that the policy or custom caused the constitutional violation).

8

law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). At this early stage of proceedings before discovery has commenced, the Court finds that these factors do in fact weigh in favor of declining jurisdiction and allowing these issues of purely D.C. law to be determined by the body that knows them best—the D.C. courts. The Court declines to exercise jurisdiction over the remaining two claims in Mr. Anderson's complaint and remands the remainder of the case to the Superior Court of the District of Columbia.

## III. Conclusion

For the reasons stated herein, the Court **GRANTS** defendants' motions to dismiss as to Counts 1, 2, and 5. The Court further declines to exercise jurisdiction over the claims in Counts 3 and 4 pursuant to 28 U.S.C. § 1367(c) and **REMANDS** the case to the Superior Court of the District of Columbia. A separate Order accompanies this Memorandum Opinion.

It is **SO ORDERED**.

Date: July 20, 2018

Royce C. Lamberth
United States District Judge